[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S REQUEST FOR A TEMPORARY INJUNCTION
This case arises out of a law suit filed by the plaintiff, Demers Exposition Services, Inc. against the defendants, Christian Porter ("Porter") and Colonial Convention Services, Inc ("Colonial"). In its five count complaint filed April 7, 1995, the plaintiff alleges that defendant Porter, a former employee of the plaintiff, took confidential information from the plaintiff and used it while employed with defendant Colonial. After being discharged by the plaintiff, defendant Porter obtained employment with defendant Colonial, which is plaintiff's chief competitor for convention and trade shows. The plaintiff alleges that the defendants' continued use of the plaintiff's confidential trade secrets constitutes unfair and deceptive trade practices, and further alleges that defendant Porter, via computer programs diskettes, brought to defendant Colonial confidential information pertaining to the plaintiff s customers. As a result of the defendants' actions, the plaintiff claims that it has lost business and has suffered irreparable harm and damage to its business, including a loss of customers.
The court held a hearing pertaining to the plaintiff's request for a temporary injunction. On July 7, 1995, both parties filed post-injunction hearing briefs.
General Statutes § 35-51(d) defines a trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list that: (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." CT Page 11044
"It is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances. . . The issuance of an injunction rests within the sound discretion of the trial court. . . In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from the interference by injunction." Latimer Point ManagementCorp., 208 Conn. 256, 262, 545 A.2d 525 (1988).
A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." Hartford v. American Arbitration Assn.,174 Conn. 472, 476, 391 A.2d 137 (1978). "An injunction is an extraordinary remedy which is not mandatory, but is left to the court's sound discretion even if there is a proper showing of irreparable harm." Sonenclar v. Barlag, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0129136 (March 8, 1993, Hickey, J.). "Whether damages are to be viewed by a court of equity as `irreparable' or not depends more upon the nature of the right which is injuriously affected than upon the pecuniary loss suffered." Berin v. Olson,183 Conn. 337, 341, 439 A.2d 357 (1981).
Testimony elicited on behalf of the plaintiff indicated that there were three or four trade shows for which the defendants used alleged confidential information to obtain contracts to do those shows. As for potential customers, the court notes that the information pertaining to future trade shows was widely disseminated by the sponsoring organizations in order to obtain competitive bids. The dates of such trade shows, the location of same, and the contact person for the sponsoring organization were made available through trade periodicals and other public disclosure.
Accordingly, the plaintiff has failed to show that the customer list was comprised of confidential information which the defendants would not have been able to obtain on their own. It is plausible that the defendants could have obtained such information through their own efforts and by proper means. Also, the bid data which the plaintiff claims the defendants wrongfully obtained related to past trade shows and was information that did not pertain to future bids. Therefore, there is no showing of irreparable harm to the plaintiff under such circumstances, since the court would not classify CT Page 11045 such information as a trade secret.
The bid information stored in plaintiff's computer system related to bids on prior years shows or conventions. Even if such information was available to the defendants, it would not assist them in undercutting or underbidding the plaintiff for prospective trade shows or conventions. Further, if plaintiff is able to prove that the loss of a few trade shows to the defendants resulted from any improper conduct on the part of the defendants, then plaintiff would have an adequate remedy at law for any money damages resulting from such alleged conduct.
The court concludes that plaintiff has failed to prove that it will suffer irreparable harm if a temporary injunction is not issued, and also that plaintiff has an adequate remedy at law for any claimed money damages. The court further notes that in a situation where plaintiff alleges irreparable harm and seeks relief by way of a temporary injunction, plaintiff did not institute this action until April, 1995, even though the alleged taking of the plaintiff's "confidential" information occurred in October, 1994.
Accordingly, plaintiff's request for a temporary injunction is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE CT Page 11046